FILED
2010 Nov-04  PM 12:06
U.S. DISTRICT COURT
N.D. OF ALABAMA


IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| WYATT R. HASKELL and WILLIAM K. HOLBROOK, | ) ) ) |
| Appellants, | ) ) |
| v. | ) CIVIL ACTION NO. 09-G-0414-S ) |
| LLOYD T. WHITAKER, PLAN TRUSTEE FOR THE ESTATE OF VESTA INSURANCE GROUP, INC., | ) ) ) ) |
| Appellee. | ) |

MEMORANDUM OPINION

The instant appeal arises from the Bankruptcy Court's denial of Appellants'

motion to dismiss an adversary proceeding brought against them by the plan trustee

("Trustee")  for Vesta Insurance Group, Inc. ("Vesta" or the "Debtor") to enjoin the

prosecution of an action brought by Appellants in state court.  The issue presented on

appeal is whether the Bankruptcy Court properly denied Appellants' motion to dismiss

the adversary proceeding.

## I. APPEAL AS OF RIGHT

The Appellants argue that this court has jurisdiction to hear their appeal

under 28 U.S.C. §158(a)(1), which provides that the district courts have jurisdiction to

hear appeals from final orders of the bankruptcy courts.  The Bankruptcy Court's order

denying Appellants' motion to dismiss is not a final order.  Catlin v. United States, 324

U.S. 229, 236 (1945) ("[D]enial of a motion to dismiss, even when the motion is based

upon jurisdictional grounds, is not immediately reviewable.")  However, Appellants'

argue that this court must hear the appeal because "[t]his court, like any federal court, has

'jurisdiction to determine its jurisdiction' as a *de novo* review at any stage of the

litigation." (Appellants' Br. at 1 (original emphasis omitted))  It is true that this court has

jurisdiction to determine whether it has jurisdiction to hear the instant appeal.  However,

this does not mean that it has jurisdiction under 28 U.S.C. § 158(a)(1) to hear appeals

from all interlocutory orders denying motions to dismiss based upon a lack of subject

matter jurisdiction.  Adopting Appellants' argument would represent an unwise departure

from settled law.

        Appellants also argue that the Bankruptcy Court's denial of their motion to

dismiss "was essentially an injunction, and was therefore a final order."  (Appellants'

Reply Br. at 8)  Appellants explain their argument that the denial of their motion to

dismiss is an injunction as follows:

> The Bankruptcy Court's only mistake was, having made such correct
> findings, that it decline [sic] to dismiss the case, in effect holding it open as
> a "placeholder" action, <u>which puts Haskell and Holbrook and their counsel
> under a Sword of Damocles, justifiably afraid to do ANYTHING in the
> State Court case because of Judge Bennett's refusal to go ahead and dismiss
> the Plan Trustee's unfounded complaint</u>.  In effect, by NOT granting an
> injunction but ALSO NOT granting a dismissal, Judge Bennett has, *de
> facto*, issued an injunction, because any prudent lawyer will not go forward
> with the remanded State court case so long as this limbo and ambiguity and
> this totally fuzzy situation persists.

(Appellants' Br. at 9 (emphasis in original))  The court finds this argument unpersuasive.

The Bankruptcy Court denied the Trustee's motion for a preliminary injunction, and its

failure to dismiss the action does not constitute an injunction, *de facto* or otherwise.

Moreover, the statute providing for an immediate right of appeal from orders granting

injunctions by its very terms applies only to appeals from district courts of the United

States.  That statute, 28 U.S.C. § 1292(a)(1), provides in pertinent part as follows:

> (a)  [T]he courts of appeals shall have jurisdiction from:
>
> > (1) interlocutory orders of the district courts of the United States  . . . or of the judges thereof, granting, continuing, modifying, refusing or dissolving injunctions, or refusing to dissolve or modify injunctions except where a direct review may be had in the Supreme Court.

The plain wording of the statute shows that it does not apply to interlocutory injunctive

orders of the bankruptcy courts.  See, In re Quigley Co., Inc. 323 B.R. 70, 75 n. 4

(S.D.N.Y. 2005) (noting that 28 U.S.C. § 1292(a)(1) applies to interlocutory injunctive

orders issued by district courts, but not to such orders issued by bankruptcy courts).[1]

## II. APPEAL WITH LEAVE OF COURT

Although the Bankruptcy Court's denial of Appellants' motion to dismiss is

not appealable as of right, appeals from interlocutory orders are permitted with leave of

court under 28 U.S.C. §158(a)(3).  Whether to grant a motion to allow an interlocutory

appeal is within the discretion of the district court.  In re Charter Company, 778 F.2d 617,

621 (11th Cir. 1985) (applying abuse of discretion standard to denial of motion for leave

to appeal).  In the present case, the court is of the opinion that exceptional circumstances

warrant hearing the appeal.

---

[1]  Appellants' other arguments that they have a right to immediately appeal the Bankruptcy Court's denial of their motion to dismiss are also without merit.

Whether the Bankruptcy Court has subject matter jurisdiction over the adversary proceeding depends upon the alleged impact on Vesta's bankruptcy estate of a case brought by Appellants seeking damages from some of the directors and officers of Vesta based upon their allegedly fraudulent actions. That case (the "State Action") was commenced in the Circuit Court for Jefferson County, Alabama. In the adversary proceeding giving rise to this appeal, the Trustee seeks to enjoin the State Action and also to enjoin Appellants from continuing to prosecute it. The Trustee alleges that continued prosecution of the State Action will deplete the proceeds from two officers and directors liability and company reimbursement policies (the "D & O policies"). These policies have an aggregate coverage limit of $35,000,000 and provide three areas of coverage: (1) liability coverage to the officers and directors (including legal defense costs); (2) coverage to Vesta for sums it is required to pay to indemnify its officers and directors; and (3) coverage to Vesta for certain securities claims made against it directly. Because one of the coverages afforded by these policies is for the defense cost incurred by Vesta's directors and officers in defending the State Action, the Trustee alleges that continued prosecution of that action will cause a diminution in Vesta's bankruptcy estate. This argument is premised on the assumption that the D & O insurance proceeds are property of the Vesta bankruptcy estate.[2]

---

[2] The Appellants make only passing mention of the issue of whether the proceeds of the D & O are property of Vesta's bankruptcy estate. This does not rise to the level of an argument on appeal that the D & O policies' proceeds are not property of Vesta's bankruptcy estate. Therefore, that issue has been waived.

4

The Bankruptcy Court's findings of facts and conclusions of law show that it considered the D & O policy proceeds to be property of the bankruptcy estate.  For example, the Bankruptcy Court cautioned the Appellants about the possible consequences of continued prosecution of the State Action:  "[I]f the [Appellants] in the remanded state court action were to cause diminution of either the XL policy proceeds or the Lloyd's excess liability proceeds [the D & O policies], it would be contrary to the specific findings and holdings on which Judge Acker remanded the case."  (January Hearing at 13)  The Bankruptcy Court's concern about diminution of the D & O insurance proceeds by the Appellants' prosecution of the State Action necessarily assumes those proceeds are part of the Vesta bankruptcy estate.

The Bankruptcy Court's rulings below were predicated upon a belief that it was bound by an order of the United States District Court for the Northern District of Alabama entered after the State Action was removed by the defendants.  The Appellants moved to have the State Action remanded, and ultimately their motion was granted.  In granting the motion, the Hon. William M. Acker, Jr. found that the Appellants'

> complaint [in the State Action] and the motion for remand constitute an absolute waiver by plaintiffs of any right to collect any judgment that may be entered in their favor and against the defendants, or any of them, from the  D & O insurers, unless and until all insurance proceeds are fully made available to Vesta and its creditors, even to the point of exhaustion.

(Appellee's Br., Addendum at 3-4 [hereinafter "Acker Opinion"])  Judge Acker noted the "plaintiffs <u>expressly deny any competition</u> with Vesta or its creditors for <u>any insurance proceeds</u> that might protect or be a part of the Vesta estate."  Acker Opinion at 4

(emphasis added).  Therefore, he concluded that the complaint in the State Action "does not 'arise under', or 'arise in', or 'relate to' the Vesta bankruptcy proceeding."  Id.  Based upon these findings, Judge Acker concluded the "[p]laintiffs' [State Action] could have no conceivable effect on, and could cause no diminution in, the Vesta bankruptcy estate."  Id. at 5.  Accordingly, Judge Acker found there was no federal jurisdiction under 28 U.S.C. §1334(b), which grants the district courts jurisdiction in cases "arising under title 11, or arising in or related to cases under title 11."

Appellants now deny that they affirmatively waived any right to receive any of the D & O policy proceeds.  Appellants assert in brief that Judge Acker's statement quoted above "is incorrect (because, frankly, the choice of who spends what money to take care of the liabilities of the Defendant Directors and Offices [sic] is not the 'call' of [Appellants] or even the Plan Trustee, but instead, the insured Directors and Officers) . . . ."  (Appellants' Br. at 15)  The Appellants cite no legal authority for this proposition and the court notes that common sense and case law is to the contrary.

In Matter of Viteck, Inc., the court noted the "broad understanding . . . that when a liability policy 'provides coverage for judgements against or losses of the bankrupt corporation itself,' the debtor owns both the policy and proceeds of that policy." 51 F.3d 530, 534, n. 17 (5th Cir. 1995).  The Viteck court also observed that:

> Most courts do not even recognize a technical distinction between ownership of insurance policies and ownership of the proceeds of those policies; They simply conclude that such policies–and, by implication, the proceeds of such policies–are valuable properties of debtors' bankruptcy estates.

6

Id. at 534.   The Viteck  court also observed that preventing a "race to the courthouse" was a concern of these courts:

> These courts evidently fear that splitting the proceeds of a liability policy between bankrupt and non-bankrupt insureds would create a race to the courthouse whenever potential liability exceeds total proceeds, as creditors scurry to see who can be the first to get a judgment against the non-bankrupt insureds (worth a dollar on the dollar) instead of a claim against a bankrupt debtor's estate (often worth but pennies on the dollar, if anything).

Id. at 535.  The Viteck court found that "[s]uch a 'race to the courthouse' arguably offends one of the most fundamental policies underlying bankruptcy law:  preservation of the debtor's estate and the status quo ante long enough to allow a fair, ratable, systemic liquidation of the estate's assets among all claimants."  Id. at 535, n. 21.  Appellants' argument that it would be the actions of the State Action defendants and/or the liability insurers, rather than of the Appellants, causing a diminution in the policy proceeds defies reason if not logic.  If adopted, it would frustrate fundamental policies underlying the bankruptcy laws.[3]

In ruling on the Appellants' motion to dismiss and the Trustee's motion for a preliminary injunction, the Bankruptcy Court set forth its findings of fact and conclusion of law at a hearing held January 15, 2009.  In support of their motion to dismiss, Appellants argued "the Trustee should be collaterally estopped from asserting

---

[3]  Rejection of Appellants' argument should not be construed as a finding by the court on the issue of whether Appellants explicitly or implicitly made any waiver in the State Action.  That issue is not relevant to the outcome of this appeal.

that [Appellants'] state court action involves property of the estate."[4]  (Letter to Judge Bennett, August 28, 2008, at 2)  The Appellants did not expand upon their collateral estoppel argument in their final brief to the Bankruptcy Court on the pending motions. However, as shown below, the Bankruptcy Court considered itself bound by the Acker Opinion in at least some respects.[5]

The Appellants' arguments to this court rely heavily upon the Bankruptcy Court's statements about jurisdiction in its findings of fact and conclusions of law.  These statements were premised upon the perceived preclusive effect of the Acker Opinion. Even though many of Appellants' arguments on appeal do not directly address or rely on issue preclusion, those arguments stand or fall on the correctness of certain holdings made by the Bankruptcy Court, which in turn rest upon the preclusive effect of the Acker Opinion.  For example, the Appellants argue that the Bankruptcy Court "specifically held that [it] had no jurisdiction . . . ."  (Appellants' Br. at 8)  To support this argument,

---

[4]  Issue preclusion, "bars 'successive litigation of an issue of fact or law actually litigated and resolved in a valid court determination essential to the prior judgment,' even if the issue recurs in the context of a different claim."  Taylor v. Sturgell, 553 U.S. 880, 892 (2008).  Collateral estoppel is a type of issue preclusion and the terms are interchangeable for the purposes of this opinion.  Claim preclusion bars successive litigation of the same claim and is not at issue in this appeal.

[5]  Although the Bankruptcy Judge states this in terms of his being bound by Judge Acker's decision, the relevant question is whether the parties are bound by either claim or issue preclusion.  Judge Acker did not make his ruling in an appeal from the Vesta bankruptcy case.  Nor does it appear that Judge Acker set forth a rule of law of general application, which the Bankruptcy Court might defer to.  Rather, it was the specific factual findings, and legal holdings based upon those findings, that the Bankruptcy Court believed it owed deference.

Appellants quote the following statement made by the Bankruptcy Court at the January

15, 2009, hearing:

> I am pretty much precluded by the District Court's determination in its
> memorandum opinion in what is the remanded state court action from
> issuing a preliminary injunction without effectively making a jurisdictional
> interpretation [that is different from the District Court Judge's].

(Appellants' Br. at 8 (quoting January Hearing at 13)(quoted text omitted without

indication by Appellants inserted and bracketed))  This makes it clear that any holding of

no jurisdiction by the Bankruptcy Court was based upon the presumed preclusive effect of

Judge Acker's decision.

> Throughout the findings of fact and conclusions of law set forth at the

January 15, 2009, hearing, the Bankruptcy Judge reiterated that he believed he was

constrained by Judge Acker's decision.  Eg., January Hearing at 12-13 ("I am pretty much

forestalled to grant the preliminary injunction based on the District Court's opinion

whether I like it or not.");  Id. at 8 ("Now whether I agree with that or not is a moot point

at this point.");  Id. at 17 ("It is not for me to basically enter an order that says he was

wrong on his jurisdictional [ruling] or he was right.").  Perhaps because of this perceived

constraint, the Bankruptcy Judge invited an appeal of his ruling:  "Well, I mean, the long

and the short of it is either side can appeal this ruling and that is what it is designed to do

and that's why I only took up the issue of the injunction other than a denial of the motion

to dismiss because my hands are pretty much tied."  Id. at 19.

9

Because the Bankruptcy Court's considered itself bound by the decision of Judge Acker, the court concludes that allowing an immediate appeal of the Bankruptcy Court's denial of the Appellants' motion to dismiss is warranted.  Hearing this appeal will materially advance the ultimate termination of the adversary proceeding by clarifying the standards to be applied in determining what preclusive impact, if any, Judge Acker's decision should have on the Bankruptcy Court.  If Appellants are correct that subject matter jurisdiction does not exist over the adversary proceeding because of the preclusive effect of Judge Acker's remand decision, the litigation will be terminated.  On the other hand, if the Bankruptcy Court continues to consider itself bound by Judge Acker's decision when it is not, future decisions of the Bankruptcy Court will be based upon that mistaken assumption and additional appeals are likely to follow.  Therefore, because of the unique circumstances presented, the court will hear the Appellants' interlocutory appeal from the Bankruptcy Court's denial of its motion to dismiss.

## III.  <u>MERITS OF THE APPEAL</u>

Appellants argued before the Bankruptcy Court  that collateral estoppel prevents the Trustee from asserting that prosecution of the State Action affects property of the Vesta bankruptcy estate.  In their motion to dismiss the adversary proceeding, Appellants argued that because the State Action "is not against (or will affect) the assets of Vesta bankruptcy estate, [the Bankruptcy Court] does not have subject matter jurisdiction over the claims asserted by the Plan Trustee."  (Mot. to Dismiss ¶ 2)  If the Trustee is collaterally estopped by virtue of Judge Acker's decision from asserting that

actions of the Appellants in the State Action would have an impact on the assets of

Vesta's bankruptcy estate, subject matter jurisdiction would be lacking under 28 U.S.C. §

1334(b).  Therefore, the crucial question is whether the application of collateral estoppel

against the Trustee would be proper.

Because the prior decision in the State Action was by a federal court

considering a motion for remand, federal preclusion principles apply.  Taylor v. Sturgell,

553 U.S. 880, 891 (2008) ("The preclusive effect of a federal-court judgment is

determined by federal common law.").   It is not disputed that the Trustee, who is the

plaintiff in the adversary proceeding currently at issue, was not a party to the State

Action.[6]  Therefore, it must be determined whether the Trustee, a nonparty to the State

Action, may be bound by Judge Acker's decision to remand the action to state court.

In Taylor, the Supreme Court addressed the standards to be applied when

considering whether a party may be bound by a prior judgement in an action in which he

was not a party.  The Court began by stating the general rule:

> It is a principle of general application in Anglo-American jurisprudence that
> one is not bound by a judgment in personam in a litigation in which he is
> not designated as a party or to which he has not been made a party by
> service of process.

Id. at 884 (quoting Hansberry v. Lee, 311 U.S. 32, 40 (1940)).  The Court observed that a

nonparty "has not had a 'full and fair opportunity to litigate' the claims and issues settled"

---

[6]  The court notes that the Appellants were parties to the State Action.  Whether the
decision of Judge Acker binds them by virtue of issue preclusion, claim preclusion, or by
judicial estoppel is not at issue in the present appeal.

in the previous action.  Id. at 892.  The Court, therefore, found that applying claim and issue preclusion to nonparties "runs up against the 'deep-rooted historic tradition that everyone should have his own day in court.'"  Id. at 892-93 (quoting Richards v. Jefferson County, 517 U.S. 793, 798 (1996)).  The general rule reflects that "[t]he opportunity to be heard is an essential requisite of due process of law in judicial proceedings."  Richards at 797, n. 4 (citations omitted) (quoting Postal Telegraph Cable Co. v. Newport, 247 U.S. 464, 570-571 (1918).  Therefore, a court "cannot, without disregarding the requirement of due process, give a conclusive effect to a prior judgment against one who is neither a party nor in privity with a party therein."  Id.

This general rule against nonparty preclusion is subject to exceptions.  The Court in Taylor grouped the recognized exceptions into six categories, which have been enumerated in this circuit as follows:

(1)     [T]he  nonparty agreed to be bound by the litigation of others;

(2)     a substantive legal relationship existed between the person to be bound and a party to the judgment;

(3)     the nonparty was adequately represented by someone who was a party to the suit;

(4)     the nonparty assumed control over the litigation in which the judgement was issued;

(5)     a party attempted to relitigate issues through a proxy; or

 (6)     a statutory scheme foreclosed successive litigation by nonlitigants.

Griswold v. County of Hillsborough, 598 F.3d 1289, 1292 (11th Cir. 2010).  The Taylor

Court stated that the preclusive effects against a nonparty of a judgment in a federal-

question case decided by a federal court should be determined according to this six

category framework.  Id. at 904.

        Even though the Bankruptcy Court did not wish to disregard Judge Acker's

findings, it recognized that there were problems presented because the Trustee was not a

party to the State Action:

> What I have got is a district court order that remanded . . . the state
> court action making certain factual determinations.  The plan trustee was
> not a party to that order, but it would be somewhat presumptuous of me as a
> lower court to disregard certain factual findings and rulings by the District
> Court . . . .

(January Hearing at 6)  Later in the hearing the Bankruptcy Court again emphasized the

plan trustee was not a party to the State Action:

> There is a practical problem here and that is in that lawsuit you had the
> officers and directors and Haskell and the bondholders suing.  In this
> lawsuit, I have really got the plan trustee and Haskell and his other
> representative plaintiffs suing and in no case were all three parties present.

Id. at 9.  In their letter brief to the Bankruptcy Court, the Appellants argued that even

though the Trustee was not a party to the State Action, he should be collaterally estopped

"given the close alignment and cooperation between the Trustee and the directors and

officers who are defendants [in the State Action] . . . ."  (Letter to Judge Bennett, August

28, 2008, at 2)  The Appellants cited as examples "their combined actions in this case in

regard to the Pate complaint, and their coordinated actions between this case and the one before Judge Acker . . . ." Id.

The key question presented on this appeal is whether, based upon the record before the Bankruptcy Court, the Trustee fits within one of the categories of exceptions enumerated in Taylor. If applying nonparty preclusion against the Trustee would not satisfy the requirements set forth in Taylor, giving the decision by Judge Acker preclusive effect against the Trustee would violate the requirements of due process.

Of the six Taylor categories, only the third and fourth could plausibly apply to the present case. There has been no allegation that the Trustee agreed to be bound by the State Action. Nor have the Appellants pointed to any legal relationship of the sort contemplated by the Court in Taylor. Examples of such relationships listed by the Taylor Court include "preceding and succeeding owners of property, bailee and bailor, and assignee and assignor." Taylor, 553 U.S. at 894. As the Court noted, these exceptions were largely created from the needs of property law. Id. There is also no suggestion the state defendants are attempting to relitigate issues decided in the State Action using the Trustee as a proxy. Nor is any statutory scheme of the type contemplated by Taylor involved in the present case.

Exceptions to the general rule in the third Taylor category require the nonparty to have been adequately represented by a party to the prior suit. The Court in Taylor established the minimum requirements for application of ths exception:

> A party's representation of a nonparty is 'adequate' for preclusion purposes
> only if at a minimum:  (1) the interests of the nonparty and her
> representative are aligned, and (2) either the party understood herself to be
> acting in a representative capacity or the original court took care to protect
> the interests of the nonparty . . . .

Taylor at 553 U.S. 900 (citations omitted).  The record in its present state of development

does not show that the defendants in the State Action either understood that they were

acting as representatives of the Trustee, or that the district court took care to protect the

Trustee's interests.  Because both claim and issue preclusion are affirmative defenses, "it

is incumbent on the defendant to prove such a defense."  Id. at 907.  Appellants' vague

allegations in their letter of August 28, 2008, to Judge Bennet are insufficient to support a

finding that the minimum requirements for application of the third Taylor category of

exceptions have been met.

Even though the Appellants refer to "coordinated actions" by the Trustee

and the State Action defendants, they have not alleged the Trustee assumed control over

the State Action litigation to the degree required under the fourth Taylor category.  In

Taylor, the Court explained the rationale for that the exception:  "Because such a person

has had 'the opportunity to present proofs and argument,' he has already 'had his day in

court' even though he was not a formal party to the litigation."  Taylor at 553 U.S. 895

(quoting 1 Restatement (Second) of Judgments § 39, Comment a, p. 382).  There is

nothing in the record to indicate the Trustee exercised the level of control over the

defense of the State Action necessary to come within the fourth Taylor exception to the

general rule.

## IV. <u>CONCLUSION</u>

None of the <u>Taylor</u> exceptions to the general rule apply based upon the existing record.  Therefore, the Bankruptcy Court erred in considering itself bound by Judge Acker's remand decision in the State Action.  To the extent its decision and findings gave a preclusive effect to Judge Acker's decision against the Trustee, it did not afford the Trustee the due process required by <u>Taylor</u>.  On the existing record the Bankruptcy Court should have made an independent determination as to whether it had subject matter jurisdiction over the adversary proceeding.  Therefore, the decision of the Bankruptcy Court denying Appellants' motion to dismiss will be vacated and the case will be remanded for further proceedings not inconsistent with this opinion.

Appellants' also filed a motion to remand the case with instructions that the adversary proceeding be dismissed.  That motion is mooted by this court's decision on the merits of the Appeal.

An appropriate order will be entered contemporaneously herewith.

DONE and ORDERED 4 November 2010.

UNITED STATES DISTRICT JUDGE
J. FOY GUIN, JR.

16